HURWITZ, Justice,
concurring.
¶52 I fully concur in the analysis and result reached by the majority in this case. I write briefly in response to Justice Berch’s eloquent concurring and dissenting opinion. As a policy matter, there is much to commend Justice Berch’s suggestion that the cumulative sentence imposed upon Mr. Berger was unnecessarily harsh, and my personal inclination would be to reach such a conclusion. As a judge, however, I cannot conclude under the Supreme Court precedent or even under the alternative test that Justice Berch proposes that Berger’s sentences violate the United States Constitution.
A.
¶ 53 The issue in this case is whether the twenty consecutive sentences that Berger received for twenty separate crimes violate the cruel and unusual punishment clause of the Eighth Amendment.[6] In my view, proof of an Eighth Amendment violation can only be premised on (a) a conclusion that a ten-year sentence for one count of sexual exploitation of a minor through knowing possession of child pornography itself is so disproportionate to the crime as to be cruel and unusual, or (b) that even if a ten-year sentence for one count is constitutional, twenty such consecutive sentences are not.
¶ 54 As Justice Berch quite correctly suggests, and as the Supreme Court itself has admitted, the Court’s “proportionality decisions have not been clear or consistent in all respects.” Harmelin v. Michigan, 501 U.S. 957, 996, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring). I therefore find merit in Justice Berch’s suggestion that objective analysis would be easier if courts were allowed to conduct an intra- and inter-jurisdictional analysis at the outset in order to find an inference of gross disproportionality. However, as Justice Berch candidly admits, the Court has expressly eschewed this very approach. Id. at 1005, 111 S.Ct. 2680.
¶ 55 But even if we were free to follow Justice Berch’s suggested approach, I would not conclude that an inference of gross dis-proportionality can be drawn here. The initial question is whether a ten-year sentence for one count of this kind of sexual exploitation of a minor is itself unconstitutional. That the Arizona penalty is purportedly the longest in the nation does not of course, establish disproportionality. See Rummel v. Estelle, 445 U.S. 263, 281, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). There will always be one state with the longest penalty, and if that were enough to establish an Eighth Amendment violation, the result would be a revolving door under which the penalty for the next state in line would then be automatically *484 unconstitutional. See id. at 282, 100 S.Ct. 1133.
¶ 56 Nor can I conclude that inter-jurisdictional comparisons demonstrate that the penalty Berger received for a single count is disproportionate to the penalty that could be imposed elsewhere for a single such offense. The federal sentencing guidelines in effect when Berger was sentenced recommended a sentence of fifty-seven to seventy-one months for possession of one (or more) proscribed depictions, but the governing statute allowed a sentence of up to fifteen years for one offense.[7] As Justice Berch notes, at least nine other states allow (but do not require) a ten-year penalty, and four states permit a greater penalty. Such is not the stuff of gross disproportionality.
¶ 57 Nor does an intra-jurisdictional comparison lead to a different result. It is tempting to compare Berger’s accumulated consecutive sentences to the maximum sentence for second degree murder or sexual assault. But the question, of course, is not what a defendant who commits one murder or one sexual assault faces as a potential sentence, but rather what one who commits twenty such offenses faces. It cannot be suggested that a 200-year sentence for twenty murders or twenty rapes would be disproportionate.
¶ 58 As Justice Berch suggests, her real concern is not that a defendant can receive a ten-year sentence for each offense, or that a court can impose consecutive sentences for multiple offenses, but rather that Arizona law requires that a court impose consecutive ten-year sentences for each offense. Yet, as Justice Berch correctly notes, the Supreme Court — whose Eighth Amendment interpretations bind us — has rejected the notion that mandatory flat sentences violate the Constitution because they do not allow consideration of the particular situation of the offender. Harmelin, 501 U.S. at 1006-07, 111 S.Ct. 2680 (Kennedy, J., concurring). Nor does Supreme Court precedent allow us to find consecutive sentences for separate crimes unconstitutional if the individual sentences for each crime are not. See Lockyer v. Andrade, 538 U.S. 63, 74 n. 1, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).
B.
¶ 59 I thus conclude that the majority opinion faithfully applies the Supreme Court’s Eighth Amendment disproportionality jurisprudence. I do so reluctantly, however. What is troublesome here — as Justice Berch points out — is that the punishment for Berger’s admittedly serious offenses intuitively seems too long. If I were a legislator, I would be free to find such a long sentence shocking to my conscience and vote for a less draconian sentencing scheme. But the test for violation of the Constitution is not my personal conscience nor whether a sentence subjectively is bothersome to me. The Supreme Court has held that a defendant may receive a life sentence for the commission of three felonies, none of which in and of themselves could result in a long term of imprisonment. Ewing v. California, 538 U.S. 11, 30-31, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003). If this is the case, I cannot conclude that consecutive sentences for separate felonies turns an otherwise legal sentence into one that violates the Constitution.
¶ 60 Benjamin Cardozo long ago noted the correct role of the judge in difficult areas such as this:
The judge, even when he is free, is still not wholly free. He is not to innovate at pleasure. He is not a knight-errant, roaming at will in pursuit of his own ideal of beauty or of goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevolence. He is to exercise a discretion informed by tradition, methodized by analogy, disciplined by system, and subordinated to “the primordial necessity of order in the social *485 life.” Wide enough in all conscience is the field of discretion that remains.
B. Cardozo, The Nature of the Judicial Process 141 (1921).
¶ 61 This is the kind of case that tests the limits of Cardozo’s wisdom and our discipline as judges. But unless and until the Supreme Court changes its interpretation of the Eighth Amendment, I am constrained to conclude that the legislature is empowered to require the sentences that Berger received.

. This case does not require us to confront the question of whether the Eighth Amendment can in some circumstances be violated by consecutive sentences for crimes essentially constituting one occurrence. Thus, for example, we need not today decide whether similar sentences would be appropriate if Berger downloaded the images at one sitting, or possessed a book with twenty illegal photographs inside.

. This range is based on an assumed violation of 18 U.S.C. § 2252(a)(2) (2000), an assumed offense conduct level of twenty-five, U.S. Sentencing Guidelines ("USSG”) § 2G2.2 (2002), and a criminal history category for a first-time offender, USSG Ch. 5, pt. A, Sentencing Table. The federal guidelines today recommend a sentence of seventy-eight to ninety-seven months for one such offense, USSG § 2G2.2 (West, Westlaw through 2006), but the governing statute allows a sentence of up to twenty years, 18 U.S.C. §§ 2252(b)(1) (West, Westlaw through 2006).